COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Malveaux and Senior Judge Frank

UNPUBLISHED

ANTHONY HARRIS

v.      Record No. 0534-19-3

DANVILLE DEPARTMENT OF SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 22, 2019

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Clyde H. Perdue, Jr., Judge

(James C. Martin; Martin & Martin Law Firm, P.C., on brief), for
appellant.

(Alan Spencer, Assistant City Attorney; R. Colby Warren, Guardian
*ad litem* for the minor child; Haymore & Holland, P.C., on brief), for
appellee.

Anthony Harris (father) appeals the order terminating his parental rights. Father argues that

the circuit court erred in terminating his parental rights "where he had committed no abuse or

neglect and where the evidence against him did not meet the standard of clear and convincing

evidence and was legally insufficient to prove the statutorily required criteria for such termination."

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

merit. Accordingly, we summarily affirm the decision of the circuit court. See Rule 5A:27.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"On appeal from the termination of parental rights, this Court is required to review the evidence in the light most favorable to the party prevailing in the circuit court." Yafi v. Stafford Dep't of Soc. Servs., 69 Va. App. 539, 550-51 (2018) (quoting Thach v. Arlington Cty. Dep't of Human Servs., 63 Va. App. 157, 168 (2014)).

Father and Victoria Steele (mother) are the biological parents to A.H., who is the subject of this appeal. On August 6, 2015, the Danville Department of Social Services (the Department) removed then-one-year-old A.H. from her parents' care after receiving a report that their home was infested with rats and had toilet and tub problems. The Danville Juvenile and Domestic Relations District Court held a hearing on August 12, 2015. At that time, father was incarcerated for unauthorized use of an automobile. The Department met with father while he was incarcerated. Father expressed an interest in having custody of A.H., but also suggested that the Department contact his father, who lived in Pennsylvania, as a possible relative placement.

On December 17, 2015, the Department spoke with father by telephone and discussed the need for father to participate in a psychological evaluation and attend parenting and substance abuse classes. Father attended the parenting classes, but did not participate in the other required services. Father complained about a particular parenting coach, so the Department arranged for a different parenting coach.

Father visited with A.H. until August 2016, when he claimed that he had contracted Methicillin-resistant Staphylococcus aureus, or MRSA. The Department informed him that he

---

[1] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues appellant has raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

could not visit with A.H. until he provided proof that he no longer had the infection. Father never produced the necessary proof to show that the infection had been cured.

Father did not contact the Department between August and October 2016. Then, on October 6, 2016, he left the social worker a voice mail message, and thereafter, they "played 'phone tag.'" The social worker met with father at a JDR court hearing on November 18, 2016.

Meanwhile, the Department explored a relative placement for A.H.; however, it determined that the placement was not viable.

Father did not attend a JDR court hearing on February 24, 2017. On March 15, 2017, the Department attempted to contact father by going to his last known address and calling him, but the Department was unable to reach him. The Department had no contact with father until January 2018, when it learned that father was incarcerated for a probation violation. A social worker met with father in jail and asked him where he had been living. Father replied that he had moved to Raleigh, North Carolina and had been living with his girlfriend. Father informed the Department that his father was interested in custody of A.H., but his father never filed a petition for custody.

The last time that the Department had face-to-face contact with father was on February 24, 2018. After that date, all contact between them was by telephone. On April 16, 2018, father called the Department. He was out of jail, but since he had not provided documentation confirming that he no longer had MRSA, the Department did not arrange a visit with A.H.

On June 15, 2018, father called the Department and informed the social worker that he had moved to Delaware. The Department explained that it could not provide services to father while he lived in Delaware; however, it did arrange for weekly Facetime visits between father and A.H., beginning in July 2018. At that time, father indicated that he was still interested in

having custody of A.H., but by September 2018, father told the Department that he was no longer seeking custody because "it would be easier to arrange visitation through [mother]."

On October 5, 2018, the JDR court terminated father's parental rights to A.H., and father appealed the matter to the circuit court.[2]

On February 6, 2019, the parties appeared before the circuit court. The Department presented evidence that father had two Facetime visits with A.H. in late 2018, and two more Facetime visits in early 2019, before the circuit court hearing.

Father testified that he wanted custody of A.H., but when asked if he preferred for mother to have custody, "he replied that he only felt she might do better in court if he lost." He further explained that he could take care of A.H. He lived in a two-bedroom apartment in Delaware with a roommate and worked forty hours per week. His father lived approximately forty-five minutes away, and his grandmother lived approximately ten miles away.

After hearing the parties' arguments, the circuit court terminated father's parental rights to A.H. under Code § 16.1-283(C)(1) and (C)(2).[3] This appeal followed.

ANALYSIS

Father argues that the evidence was insufficient to support the circuit court's decision to terminate his parental rights.[4] Father acknowledged that "contact with the [Department] [had] been very difficult for [him] at times," but contends that "this contact problem [had] been substantially solved." Father further asserts that "his out-of-state location . . . provides good

---

[2] The JDR court also terminated mother's parental rights to A.H., and she appealed the decision to the circuit court.

[3] The circuit court did not terminate mother's parental rights to A.H.

[4] Several times in the argument section of his brief, father states that he did not abuse or neglect A.H. The circuit court did not terminate his parental rights under Code § 16.1-283(B), so we will not address father's statements regarding abuse or neglect.

cause for some excusable delay" under Code § 16.1-283(C)(2). He emphasizes that he has "a good job, an available home, and relatives nearby." Lastly, father contends that the Department did not provide reasonable services to him.

"On review, '[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Castillo v. Loudoun Cty. Dep't of Family Servs., 68 Va. App. 547, 558 (2018) (quoting Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128 (1991)). "Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Fauquier Cty. Dep't of Soc. Servs. v. Ridgeway, 59 Va. App. 185, 190 (2011) (quoting Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20 (1986)).

The circuit court terminated father's parental rights under Code § 16.1-283(C)(1) and (C)(2). Code § 16.1-283(C)(2) states that a court may terminate parental rights if:

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed 12 months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

"[S]ubsection C termination decisions hinge not so much on the magnitude of the problem that created the original danger to the child, but on the demonstrated failure of the parent to make reasonable changes." Yafi, 69 Va. App. at 552 (quoting Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 271 (2005)). "Considerably more 'retrospective in nature,' subsection C requires the court to determine whether the parent has been unwilling or unable to remedy the problems during the period in which he has been offered rehabilitation services."

Toms, 46 Va. App. at 271 (quoting City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 562-63 (2003)).

The Department removed A.H. in August 2015, and met with father a couple of weeks later while he was incarcerated. Initially the Department did not discuss any services for father because he expected to be released from incarceration shortly thereafter. When his release date was later than expected, the Department contacted father, and he challenged paternity. After a paternity test confirmed that he was the father, the Department met with him in December 2015 and discussed the services, including a psychological evaluation, parenting classes, and substance abuse classes, that father had to complete. By the time of the circuit court hearing in February 2019, father still had not completed the psychological evaluation and substance abuse classes, despite having more than three years to complete the services.

Father argues that his move to Delaware "provides good cause for some excusable delay under [Code § 16.1-283(C)(2)]." Father, however, had had no contact with the Department from November 2016 until January 2018, despite the Department's attempts to contact him. Father belatedly told the Department that he had moved to North Carolina in 2017. Then, in June 2018, he informed the Department that he had moved to Delaware. At that time, A.H. had been in foster care for almost three years, and father still had not participated in the required services. "Code § 16.1-283(C)(2)'s twelve-month time limit 'was designed to prevent an indeterminate state of foster care "drift" and to encourage timeliness by the courts and social services in addressing the circumstances that resulted in the foster care placement.'" Thach, 63 Va. App. at 171 (quoting L.G. v. Amherst Cty. Dep't of Soc. Servs., 41 Va. App. 51, 56 (2003)). Father's move to Delaware did not create "an excusable delay" for his failure to complete services after the child had been in foster care for three years.

Father also asserts that the Department did not provide him reasonable services. "'Reasonable and appropriate' efforts can only be judged with reference to the circumstances of a particular case. Thus, a court must determine what constitutes reasonable and appropriate efforts given the facts before the court." Harrison v. Tazewell Cty. Dep't of Soc. Servs., 42 Va. App. 149, 163 (2004) (quoting Ferguson v. Stafford Cty. Dep't of Soc. Servs., 14 Va. App. 333, 338 (1992)). The Department "is not required to force its services upon an unwilling or disinterested parent." Tackett v. Arlington Cty. Dep't of Human Servs., 62 Va. App. 296, 323 (2013) (quoting Harris v. Lynchburg Div. of Soc. Servs., 223 Va. 235, 243 (1982)); see also Logan, 13 Va. App. at 130.

Father had sporadic and limited contact with the Department while A.H. was in foster care. The Department reviewed the required services with father in December 2015, while he lived in Virginia. Father only participated in the parenting classes. The Department also arranged for father to visit with A.H. Then, in August 2016, his visitations stopped when he claimed to have MRSA. For more than two years, father failed to provide any proof that his infection had cured so that he could visit with A.H. in person. The Department had no contact with father after a hearing on November 28, 2016, until January 2018, when the Department learned that he was incarcerated. Father subsequently moved to Delaware. The Department told father that it could not provide services when he lived "at such a long distance." Contrary to father's arguments, the Department had provided father with opportunities to engage in services before he moved to Delaware, but father did not cooperate.

The evidence was sufficient to terminate father's parental rights. Father had had ample opportunities over the years to participate in the required services; however, he failed to do so. He did not maintain continuous contact with the Department and never provided them with the necessary documentation to visit with A.H. in person. Father did not demonstrate that he had

substantially remedied the conditions that led to the requirement for A.H.'s continued foster care placement. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Tackett, 62 Va. App. at 322 (quoting Kaywood v. Halifax Cty. Dep't of Soc. Servs., 10 Va. App. 535, 540 (1990)). Based on the totality of the circumstances, the circuit court did not err in terminating father's parental rights under Code § 16.1-283(C)(2).

"When a trial court's judgment is made on alternative grounds, we need only consider whether any one of the alternatives is sufficient to sustain the judgment of the trial court, and if so, we need not address the other grounds." Kilby v. Culpeper Cty. Dep't of Soc. Servs., 55 Va. App. 106, 108 n.1 (2009); see also Fields v. Dinwiddie Cty. Dep't of Soc. Servs., 46 Va. App. 1, 8 (2005) (the Court affirmed termination of parental rights under one subsection of Code § 16.1-283 and did not need to address termination of parental rights pursuant to another subsection). Therefore, we will not consider whether the circuit court erred in terminating father's parental rights pursuant to Code § 16.1-283(C)(1).

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.